**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-03139-REB

In Re:

Petition of DANIEL ARCHER, as Owner of the unnamed vessel Hull ID #SERA5032J798, For Exoneration from or Limitation of Liability

    Petitioner.

---

### ORDER GRANTING CLAIMANT'S MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matter before is the **Claimant's Motion for Summary Judgment or in the Alternative Motion To Dissolve Injunction** [#19],[1] filed January 10, 2014. I grant the motion for summary judgment and dismiss this case.

### I. JURISDICTION

I putatively have jurisdiction over this matter pursuant to 28 U.S.C. § 1333(1) (admiralty and maritime claims).

### II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED. R. CIV. P.** 56(c); ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party.

---

[1] "[#19]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995). By contrast, a movant who bears the burden of proof must submit evidence to establish every essential element of its claim or affirmative defense. *See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002). In either case, once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Concrete Works*, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999).

### III.  ANALYSIS

Petitioner is the owner of the unnamed vessel Hull ID #SERA5032J798 (the "vessel"). On or about June 19, 2011, petitioner was operating the vessel on the navigable waters of Lake Powell. Claimant Alexis Perakos was injured while waterskiing behind the vessel. She filed suit against petitioner in Colorado state district

court, alleging negligence and negligence per se.

Petitioner subsequently brought the present complaint, invoking the court's admiralty jurisdiction and seeking limitation of liability as provided by 42 U.S.C. § 30505(a), and Supplemental Rule F of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.  After the prerequisites of the Supplemental Rule had been satisfied, the court issued an order enjoining further prosecution of all claims against petitioner as the owner of the vessel and requiring all claimants to file their claims in this action.  (*See* **Order** [#16], filed January 3, 2014.)  Ms. Perakos was the sole claimant to submit a claim.  She now moves for summary judgment, arguing that because petitioner has acknowledged that he was operating the vessel at the time of the accident, the essential element of privity has been established, negating his right to seek limitation.[2]

The Shipowners Limitation of Liability Act (the "Act" or the "Limitation Act") was enacted "to encourage the development of American merchant shipping," and thus "is directed at misfortunes at sea where the losses incurred exceed the value of the vessel and the pending freight."  ***Lake Tankers Corp. v. Henn***, 354 U.S. 147, 150-51, 77 S.Ct. 1269, 1271-72, 1 L.Ed.2d 1246 (1957).[3]  "[T]he primary purpose of the Act [is] to provide a marshaling of assets [and] the distribution pro rata of an inadequate fund among claimants, none of whom can be paid in full."  ***Complaint of Dammers &***

---

[2] Alternatively, Ms. Perakos asks the court to lift the injunction under the "sole claimant" exception.  Because I find that Ms. Perakos is entitled to summary judgment, I do not consider this alternative argument.

[3] A brief but thorough history of the Act is set forth in ***Lewis v. Lewis & Clark Marine, Inc.***, 531 U.S. 438, 446-48, 121 S.Ct. 993, 999-1000, 148 L.Ed.2d 931 (2001).

***Vanderheide & Scheepvaart Maats Christina B.V.***, 836 F.2d 750, 755 (2nd Cir. 1988) (citation and internal quotation marks omitted).To that end, the Act provides, in relevant part, that "the liability of the owner of a vessel for any claim, debt, or liability described in subsection (b)[4] shall not exceed the value of the vessel and pending freight." 42 U.S.C. § 30505(a).

If the statute is properly invoked,

> [t]hereafter, in a proceeding known as a *concursus*, the district court, sitting in admiralty without a jury, determines whether there was negligence; if there was negligence, whether it was without the privity and knowledge of the owner; and if limitation is granted, how the [limitation] fund should be distributed.

***Complaint of Dammers***, 836 F.2d at 755 (citation and internal quotation marks omitted). Thus, a *concursus* is a two-step process:

> First, the court must determine what acts of negligence or conditions of unseaworthiness caused the accident. Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness. The damage claimants bear the initial burden of establishing liability (i.e., negligence or unseaworthiness), and the shipowner then bears the burden of establishing the lack of privity or knowledge.

***Suzuki of Orange Park, Inc. v. Shubert***, 86 F.3d 1060, 1062-63 (11th Cir. 1996) (internal citations omitted).

Petitioner argues that Ms. Perakos is not entitled to summary judgment on the issue of privity or knowledge because she has not yet met her burden of proof on the

---

[4] "[C]laims, debts, and liabilities subject to limitation under subsection (a) are those arising from . . . any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner." 42 U.S.C. § 30505(b).

issue of negligence. In other words, petitioner contends that the two-step process must be undertaken *seriatim*, and thus the court may not address the question of privity or knowledge until that of negligence *vel non* has been resolved. The law, however, is to the contrary.

The Limitation Act shields from liability, beyond the amount of their interest in a vessel, "innocent shipowners and investors who were sued for damages caused through no fault or neglect of their own." **Great Lakes Dredge & Dock Co. v. City of Chicago**, 3 F.3d 225, 231 (7th Cir. 1993) (quoting **American Car & Foundry Co. v. Brassert**, 289 U.S. 261, 264, 53 S.Ct. 618, 619, 77 L.Ed. 1162 (1933) (internal quotation marks omitted)), **aff'd**, 115 S.Ct. 1043 (1995). "[P]rivity or knowledge' generally refers to the vessel owner's personal participation in, or actual knowledge of, the specific acts of negligence or conditions of unseaworthiness which caused or contributed to the accident." **Suzuki of Orange Park**, 86 F.3d at 1064 (internal citations omitted).[5] It therefore stands to reason that, "when an owner is in control of and operating his pleasure craft he has privity or knowledge with respect to its operation, therefore he is not entitled to limitation for accidents arising from his negligence." **Fecht v. Makowski**, 406 F.2d 721, 722 (5th Cir. 1969).[6]

---

[5] Such a requirement serves the Act's purpose "to encourage investment in the shipping industry by limiting the physically remote shipowner's vicarious liability for the negligence of his or her water-borne servants." **Suzuki of Orange Park, Inc**., 86 F.3d at 1064.

[6] Petitioner claims that **Fecht** is not good law because its author later "repudiated" its holding. **See In re Petition of M/V Sunshine II**, 808 F.2d 762 (11th Cir. 1987). Setting aside the problematic issue whether a decision from one circuit court of appeals can undermine that of another, **M/V Sunshine II** is clearly distinguishable. The court there was faced with an accident involving two ships, each denying its own negligence and claiming that of the other caused the accident. Faced with multiple potentially negligent parties, the court simply noted that "[t]he 'owner at the helm' doctrine is . . . not a talisman," and could not summarily forestall a prior determination of negligence on the basis of "conclusory and disputed

Numerous courts have followed the logical premise of this decision: that where the owner admits to having been present and operating the vessel at the time of the accident, "[i]f there was negligence in the operation of the motorboat, only [the operator] could have been guilty of it." ***Complaint of Ingoglia***, 723 F.Supp. 512, 515 (C.D. Cal. 1989). ***See also, e.g.***, ***In re Kohnechi***, 2103 WL 5220799 at *2 (D. Ariz. Sept. 17, 2013); ***Complaint of Martin***, 18 F.Supp.2d 126, 127-28 (D. Mass. 1998); ***Complaint of Marine Sports, Inc.***, 840 F.Supp. 46, 49 (D. Md. 1993). Petitioner here has admitted that he was operating the boat at the time of claimant's injuries. (**Verified Pet.** ¶ 10 at 3 [#1], filed November 19, 2013.) Under those circumstances, where petitioner clearly is not entitled to limitation of liability under the Act in any event, there is no right to a determination of negligence in this court. ***See Fecht***, 406 F.2d at 723 ("Where no grant of limitation is possible, . . . a boat owner should not be treated more favorably than an automobile driver.").

Indeed, to hold otherwise would run counter to the limited grant of federal court jurisdiction as to admiralty claims, which "save[s] to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). "Because of the saving to suitors clause . . . the shipowner may not force the damage claimants to litigate their claims in the admiralty court unless a *concursus* is *necessary* to protect the vessel owner's claim of limited liability under the Act." ***Beiswenger Enterprises Corp. v. Carletta***, 86 F.3d 1032, 1039 (11th Cir. 1996), ***cert. denied***, 117 S.Ct. 2455 (1997)

---

allegations." *Id.* at 765. Indeed, the court distinguished the " barebone conclusions" before it with those in a case in which the court dismissed a limitation action based on "the undenied allegations in plaintiff's exceptions to the petition." *Id.* at 765 n.2 (citing ***Petition of Davis***, 1950 A.M.C. 1028 (N.D. Cal. 1950)).

(emphasis in original).  The fact that Ms. Perakos first filed her action in state district court thus bears significant weight in the analysis.  **Complaint of Ingoglia**, 723 F.supp. at 514.  **See also** 3 Benedict on Admiralty § 51 (discussing need "to preserve, where possible, the shipowner's rights under the Limitation of Liability Act and the suitor's rights to a common law remedy in the common law courts under the Judiciary Act of 1789").  To allow petitioner to force Ms. Perakos to try her negligence claims in this court rather than in her chosen forum would impermissibly "transform the Act from a protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common-law rights . . ."  **Lake Tankers Corp. v. Henn**, 354 U.S. 147, 152, 77 S.Ct. 1269, 1272, 1 L.Ed.2d 1246 (1957).

I therefore find and conclude that Ms. Perakos is entitled to summary judgment and dismissal of this action seeking limitation or exoneration of liability under the Act.

### IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Claimant's Motion for Summary Judgment or in the Alternative Motion To Dissolve Injunction** [#19], filed January 10, 2014, is **GRANTED** insofar as it seeks summary judgment;

2. That the **Verified Petition for Exoneration from or Limitation of Liability** [#1], filed November 19, 2013, is **DENIED**;

3. That the injunction entered pursuant to this court's **Order** ¶ 1 at 2 [#16], filed January 3, 2014, is **VACATED**; and

4.  That this action is **DISMISSED** in its entirety.

Dated February 24, 2014, at Denver, Colorado.

**BY THE COURT:**

/s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge